IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Mark Brown, #260496, ) | |
| ) | Civil Action No. 3:05-3222-HFF-JRM |
| Petitioner, ) | |
| vs. ) | |
| H. D. McMaster, Attorney General, ) | **REPORT AND RECOMMENDATION** |
| State of South Carolina, ) | |
| Respondents. ) | |

Petitioner, Mark Brown ("Brown"), is an inmate at the South Carolina Department of Corrections serving a sentence of eighteen years for armed robbery. He filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on November 15, 2005.[1] The case was automatically referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 (B)(2)(c), DSC. Respondents filed a motion for summary judgment, supported by copies of portions of the state court record, on April 12, 2006. Because petitioner is proceeding pro se, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued on April 17, 2006, advising petitioner of his responsibility to properly respond to the motion for summary judgment. Petitioner filed his response on May 23, 2006.

**Procedural History**

Keisha Foster was robbed at the point of a knife in Myrtle Beach, South Carolina at 2:30 a.m. on March 22, 1997. The next day Brown was questioned about the armed robbery and photographed. On March 24, 1997, Foster identified Brown from a photo spread, and a warrant was

---

[1] This is the Houston v. Lack, 487 U.S. 266 (1988) "delivery" date. See order filed February 15, 2006.

issued for Brown's arrest. Brown was arrested on January 23, 1999 (App. 335). The Grand Jury for Horry County issued an indictment on May 20, 1999 (App. 332). Brown was convicted on August 4, 1999, after a two-day trial. He was represented by John Jepertinger, Esq.

Brown filed a direct appeal through counsel, John A. Gaines, Esq. The following issues were raised:

> I
> Whether the State had sufficient evidence against the Defendant on the charge of Armed Robbery to support a jury verdict of guilty beyond a reasonable doubt: Or for this case to be submitted to the Jury?
>
> II
> Whether the Photo Showup and all statements by the Appellant and Terry should have been suppressed by the Trial Court because the detention of the Appellant and Terry in Terry's automobile by the Myrtle Beach Police on March 22, 1997 was so intrusive that it amounted to an illegal arrest and an illegal search and seizure, making the Photo Showup or Lineup, photos taken and all statements by the Appellant inadmissable into evidence in the Appellant's Trial?
>
> III
> Whether the Photo Showup and all statements by the Appellant and Terry should have been suppressed by the Trial Court because the stop and frisk of the Appellant and Terry was so intrusive that it amounted to an illegal arrest and the failure of the Myrtle Beach Police to give the Appellant and Terry their Miranda Warnings made the Photo Showup or Lineup and all statements by the Appellant and Terry inadmissable in Appellant's Trial?
>
> IV
> Whether the State's two year delay in arresting and indicting the Appellant under the circumstances of this case. Where the Police had been given the current address, phone number and social Security number since March 22, 1997 denied the Defendant a Speedy trial?
>
> V
> Whether the Pretrial Lineup of the Appellant without the benefit of counsel violated due process of law and so tainted the Appellants in Court identification, that his conviction should be reversed with prejudice or reversed and remanded for a new trial?
>
> VI

> Whether the alleged statements of the Appellant after he arrived at the police station, were not voluntary because they were made without Counsel and under duress and fear; therefore, they were obtained through phychological coercion and should have been suppressed by the trial judge?
>
> VII
>
> Whether the Appellant's trial counsel failed to make all critical Pretrial Motions on behalf of the Appellant was denied effective assistance of counsel?

(App. 351-52). The conviction was affirmed by the South Carolina Court of Appeals, State v. Brown, Op. No. 2001-JP-063 (S.C.Ct.App. filed January 30, 2001). Brown did not seek further review by the South Carolina Supreme Court.

Brown filed an application for post-conviction relief ("PCR") on July 13, 2001. An evidentiary hearing was held on March 3, 2003. Brown appeared and testified. He was represented by Paul Archer, Esq. The PCR was dismissed by order of August 6, 2003 (App. 585). A Johnson petition[2] for writ of certiorari was filed in the South Carolina Supreme Court through the South Carolina Office of Appellate Defense. That petition raised ineffective assistance of trial counsel. The petition for writ of certiorari was denied by order dated December 14, 2004. The Remittitur was returned on January 5, 2005.

Brown filed a second PCR on May 18, 2005 asserting the trial court lacked subject matter jurisdiction. Apparently that petition remains pending in state court.

**Grounds for Relief**

Brown alleges that he is entitled to a writ of habeas corpus on the following grounds:

1. Ineffective Assistance of Counsel

---

[2] Johnson v. State, 294 S.C. 310, 364 S.E.2d 2001 (1988).

3

    A. Trial counsel was ineffective for failing to make a motion to the court to suppress any evidence obtained as the result of an illegal arrest, the failure of counsel to do this amounted to a denial of due process, when appellate counsel presented the issue and it wasn't preserved for appeal by trial counsel, thus resulting in a denial of due process as to the right to a direct appeal.

 II. Ineffective Assistance of Trial Counsel.

    A. Trial counsel was ineffective for failing to present a motion to the trial court that his client's rights to a speedy trial were being violated by the delay between the time the warrant was issued and the date of the actual trial, in violation of the due process clause.

 III. Ineffective Assistance of Trial Counsel.

    A. Trial counsel was ineffective for failure to challenge any alleged statements supposedly made by Petitioner while in police custody, on the grounds to when presented as evidence by the prosecution.

 IV. Ineffective Assistance of Trial Counsel.

    A. Trial counsel was ineffective for opening the door to the prosecution to question witnesses about prior bad acts, that petitioner had not been convicted or of charged with.

## **Discussion**

Since Brown filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended.  Lindh v. Murphy, 521 U.S. 320 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir.), *cert. denied,* 521 U.S. 371 (1998) and Green v. French, 143 F.3d 865 (4th Cir. 1998), *cert. denied*, 525 U.S. 1090 (1999).  That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings

4

> unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Supreme Court has addressed procedure under § 2254(d).  See Williams v. Taylor, 529 U.S. 362 (2000).  In considering a state court's interpretation of federal law, this court must separately analyze the "contrary to" and "unreasonable application" phrases of § 2254(d)(1).

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases .... A state- court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [the Court's] precedent.
>
> * * *
>
> [A] state-court decision involves an unreasonable application of [the Supreme] Court's precedent if the state court identifies the correct governing legal rule from this Court's cases but unreasonably applies it to the facts of the particular state prisoner's case. Second, a state-court decision also involves an unreasonable application of [the] Court's precedent if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.

Id. at 1519-20.  Ultimately, a federal habeas court must determine whether "the state court's application of clearly established federal law was objectively unreasonable."  Id. at 1521.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution.  McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970).  In the case of Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel.  A petitioner must first show that his counsel committed error.  If an error can

5

be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Turner v. Bass, 753 F.2d 342, 348 (4th Cir. 1985) quoting Strickland, *reversed on other grounds*, 476 U.S. 28 (1986). In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal. Strickland requires that:

> [T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.
>
> * * *
>
> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. . . the court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. (Emphasis added).

Strickland at 694-95.

Under the AEDPA, a federal habeas court must determine whether the state court's decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The court's analysis should center on whether the state courts properly applied the Strickland test. See Williams v. Taylor, 529 U.S. 362 (2000). ("Strickland test provides sufficient guidance for resolving virtually all ineffective assistance of counsel claims.")

    1.        Suppression of Evidence (Grounds 1 and 3)

After the robbery, the victim aided the police in producing a composite sketch of the perpetrator. She also gave a description of the vehicle in which he fled. On March 24, 1997, the police stopped a vehicle matching the description given by the victim. It was driven by Brown's cousin, Terry Self. Brown resembled the man in the composite sketch. Detective Baker arrived on the scene. Eventually, Self and Brown followed law enforcement officers to the police station. Brown was photographed and gave identifying information to the officers. He listed an address in Florence County. Brown also made a statement that he was at a motel in Surfside Beach at the time of the robbery. Brown and Self were released. The victim identified Brown the next day and a warrant was issued. However, the warrant was not served until January 23, 1999.

Prior to the trial, Brown's attorney made motions to suppress the victim's identification from the photo spread and Brown's statement. The Court held an in camera hearing (App. 44). During the hearing Detective Baker, the victim, and two other police officers testified as did Brown and his cousin. The Court denied the motions to suppress finding that Brown was not under arrest at the time of the questioning and that the photo spread was not impermissibly suggestive (App. 90). The victim identified Brown and his statement was admitted at trial without further objection.

On direct appeal, Brown argued that the Court erred in failing to suppress the identification and statement. (App. 351). The South Carolina Court of Appeals applied a procedural bar because counsel failed to object to the identification and statement at trial. (App. 410).

Brown resurrected the claims in his PCR asserting that counsel was ineffective for failing to preserve the issue for review on direct appeal. The PCR Court rejected the claims finding that Brown "did not present any evidence that the trial court abused its discretion in its ruling on the motion to suppress. (App. 589).

Brown asserts that his counsel was ineffective for failing to object to the admission of the identification and statement at trial. The undersigned concludes that the PCR Court properly applied the Strickland rule in this instance. The Court held that Brown failed to establish prejudice because he did not show that he would have been successful on appeal had the issue been preserved. Review of the transcript of the in camera hearing supports this conclusion. Brown's chief complaint is that he was compelled to go to the police station where he was photographed and gave a statement that he was in the vicinity, and not at home in Florence County, when the robbery occurred. Detective Baker and the other officers testified that Brown and his cousin voluntarily came to the police station. Brown testified that he initially resisted the suggestion that he follow the officers to the police station but had to go since his cousin, who was driving, decided to go to the police station to clear a problem that arose as to the car's license plate. There is no dispute that after a relatively short period of time Baker and his cousin were allowed to leave. Thus, the record fully supports the trial court's decision to deny the motions to suppress.

    2.        Speedy Trial (Ground 2)

Brown asserts that his trial counsel was ineffective for failing to move to dismiss his case because his right to a speedy trial was violated. Brown raised the underlying speedy trial issue on direct appeal. The South Carolina Court of Appeals rejected the issue as no motion was made at trial. (App. 410). Brown raised the ineffective assistance of counsel issue in his PCR. During the PCR hearing, he testified that he was prejudiced by the delay because in the interim his cousin's vehicle, in which they had been stopped, had been wrecked and was unavailable for comparison with the description given by the victim of the automobile used by the robber. (App. 543).

The Due Process Clause of the Fifth Amendment protects a defendant from pre-accusation delay. U. S. v. Lovasco, 431 U.S. 783, 790 (1977). The Fourth Circuit has established a standard for analysis of this issue:

> [T]he burden [is] on the defendant to prove actual prejudice. Assuming the defendant can establish actual prejudice, then the court must balance the defendant's prejudice against the government's justification for the delay. The basic inquiry then becomes whether the government's action in prosecuting after substantial delay violates 'fundamental conceptions of justice' or 'the community's sense of fair play and decency.'

Howell v. Barker,[3] 904 F.2d 889, 895 (4th Cir.) (quoting U.S. v. Automated Med. Labs., 770 F.2d 399, 404 (4th Cir. 1985)), *cert. denied*, 498 U.S. 1016 (1990).

The PCR court held that Brown failed to show prejudice under the Strickland test. Brown testified that the victim could possibly have been impeached with respect to the identification of the vehicle. The PCR Court, citing the trial transcript, observed that the victim never identified the vehicle, and it was never asserted that she could. (App. 589-90). Thus, the undersigned concludes that Brown has not shown prejudice under Strickland or Howell.

3.     Prior Bad Acts (Ground 4)

Brown presented an alibi defense and attempted to discredit the identification of the victim. Brown, his wife, Terry Self (cousin) and Jonathan Timmons all testified that he was at home in Florence prior to, during, and after the robbery. (App. 186-280). The robbery occurred at approximately 2:30 a.m. on March 22, 1997. During cross-examination of Detective Baker, trial counsel inquired about another robbery which occurred in the general vicinity 30 minutes later. During the PCR hearing, trial counsel explained his strategy. Brown's wife testified that she awoke

---

[3] The facts in Howell v. Barker are similar to the facts in this case. There was a 27-month delay between the issuance of the arrest warrant and actual service and indictment. Actual prejudice was assumed by the parties because defendant's alibi witness became unavailable during the delay.

9

at 4:30 a.m. and Brown was home asleep. Counsel testified "tactically I wanted to show that in terms of time-wise that it would have been more difficult if you had ...the same perpetrator doing another crime later that would have been more difficult." (App. 566-67). Counsel also tried to show that the description because given by the victims of both robberies did not match Brown. Brown had a mustache. (Id.). The PCR court found that counsel employed a reasonable trial strategy in presenting evidence of the second robbery. (App. 590).

There is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 688-89. Courts are instructed not to engage in Monday morning quarterbacking and second guessing of the tactical decisions of the trial attorney. Stamper v. Muncie, 944 F.2d 170 (4th Cir. 1991); and McDougall v. Dixon, 921 F.2d 518 (4th Cir. 1990), *cert. denied*, 501 U.S. 1223 (1991).

## **Conclusion**

Based on a review of the record, the undersigned concludes that the state courts properly applied the Strickland standard to petitioner's claims of ineffective assistance of trial counsel. It is, therefore, recommended that respondents' motion for summary judgment be granted, and the petition dismissed without an evidentiary hearing.

    Respectfully submitted,

    s/Joseph R. McCrorey
December 7, 2006    United States Magistrate Judge
Columbia, South Carolina
**The parties' attention is directed to the important information on the attached notice.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).